```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

------------------------------X
                              :
JUAN EASON                    :   Civil No. 3:20CV00271(SALM)
                              :
v.                            :
                              :
WALSH, et al.                 :   February 3, 2022
                              :
------------------------------X
```

## INITIAL REVIEW ORDER

Self-represented plaintiff Juan Eason ("plaintiff") is an inmate in the custody of the Connecticut Department of Correction ("DOC") at MacDougall-Walker Correctional Institution ("MacDougall").[1] Plaintiff brings this action pursuant to 42 U.S.C. §1983 against four defendants: Captain Walsh; Dr. Syed Johar Naqvi; LPN Robert Bonetti; and APRN Chena McPherson (collectively the "defendants"). See Doc. #1 at 2-3. All of the

---

[1] The Court may take judicial notice of matters of public record. See, e.g., Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006); United States v. Rivera, 466 F. Supp. 3d 310, 313 (D. Conn. 2020) (taking judicial notice of BOP inmate location information); Ligon v. Doherty, 208 F. Supp. 2d 384, 386 (E.D.N.Y. 2002) (taking judicial notice of state prison website inmate location information). The Court takes judicial notice of the Connecticut DOC website, which reports that plaintiff was sentenced to a term of imprisonment on June 26, 2007, that has not expired. See Connecticut State Department of Correction, Inmate Information, http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=174879 (last visited Jan. 23, 2022).

events underlying the allegations in the Complaint occurred while plaintiff was housed at MacDougall. See generally Doc. #1. Plaintiff alleges that defendants were deliberately indifferent to his serious medical needs. See generally id. Plaintiff seeks damages as well as declaratory and injunctive relief. See id. at 11. All defendants are sued in their individual capacities only. See id. at 1.[2]

I. **LEGAL STANDARD**

Under section 1915A of Title 28 of the United States Code, the Court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. §1915A(a). The Court then must "dismiss the complaint, or any portion of the complaint, if" it "is frivolous or malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b). The commands of §1915A "apply to all civil complaints brought by prisoners against governmental officials or entities

---

[2] This matter was transferred to the undersigned on October 15, 2021, at which time no initial review of the Complaint had been conducted. See Doc. #12. Thereafter, plaintiff and counsel for defendants (who have yet to appear, but are defending other cases filed by plaintiff in the District) engaged in unsuccessful settlement discussions. See Doc. #18.

2

regardless of whether the prisoner has paid the filing fee." Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam). Dismissal under this provision may be with or without prejudice. See Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004).

A civil complaint must include sufficient facts to afford defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. See Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Rather, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

It is well-established that complaints filed by self-represented litigants "'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" Sykes v. Bank of Am., 723 F.3d 399, 403 (2d Cir. 2013) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)); see also Tracy v. Freshwater, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for self-represented litigants). However, even self-represented parties must comply with Rule 8 and the other rules of pleading applicable in all federal cases. See Harnage v.

3

Lightner, 916 F.3d 138, 141 (2d Cir. 2019); see also Wynder v. McMahon, 360 F.3d 73, 79 n.11 (2d Cir. 2004) ("[T]he basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike.").

## II. ALLEGATIONS OF THE COMPLAINT

The Court accepts the well-pleaded allegations of the Complaint as true for purposes of this initial review.

On August 8, 2018, plaintiff "sent a inmate request form to the unit manager - Captain Walsh, asking why the mattress was taken from the bed that [plaintiff] slept on, and replaced with a new oversized one that did not fit the bed frame properly, causing the middle of the mattress of collapse." Doc. #1 at 4, ¶1 (sic); see also Doc. #1 at 14. Plaintiff alleges that he complained to Captain Walsh that the replacement mattress was causing him "a great deal of pain to [his] lower back, due to the fact that plaintiff have a partial degeneration of the lumbar spine." Id. at ¶2 (sic). Captain Walsh told plaintiff to "tell medical[,]" even though "the plaintiff witness defendant Walsh let another inmate take 2 mattresses for himself." Id. (sic); see also Doc. #1 at 14.

On August 20, 2018, plaintiff submitted a request to Dr. Naqvi, his assigned medical provider, about the mattress and its

4

effect on his back. See Doc. #1 at 4, ¶3; id. at 16. LPN Bonetti responded to the request without seeing plaintiff. See id.

On September 7, 2018, plaintiff filed an administrative remedy form seeking a Health Services Review for his lower back issues. See Doc. #1 at 5, ¶4; id. at 18-19. Plaintiff also requested a medical mattress.[3] See id. The medical unit told plaintiff to contact custody, indicated that no further action was required, and noted that plaintiff had exhausted his remedies. See id.

On October 6, 2018, Plaintiff sent a second request to Dr. Naqvi asking to be seen for lower back pain. See Doc. #1 at 5, ¶5; id. at 20. Medical staff responded to plaintiff's request that plaintiff had "seen Dr. Naqvi 10-14-18[.]" Doc. #1 at 20 (sic). On October 15, 2018, plaintiff submitted another inmate request form to medical stating that he had not been seen for his back issues on October 14, 2018, but instead had been seen for issues with his toe. See Doc. #1 at 5, ¶5; id. at 22. At the October 14, 2018, medical visit, when plaintiff asked about his back, plaintiff alleges that the "nurse ... present ... cut

---

[3] Plaintiff alleges that his current mattress, the one regularly issued in general population, has a compression weight of 60 to 70 pounds and is "thinner than a baby crib mattress." Doc. #1 at 8, ¶19.

5

[him] off by stating that [he] was not there for [his] back." Doc. #1 at 22.

After two months had passed without being "seen about [his] back issues," plaintiff again requested to be seen for back pain. Doc. #1 at 5, ¶6; see also id. at 25. On March 5, 2019, plaintiff sent requests to the nursing supervisor and warden complaining that his requests to the medical department were not being answered and that he had not been seen for his back pain. See Doc. #1 at 5, ¶7; see id. at 27-28.

In April 2019, plaintiff "was assigned a new medical provider," APRN McPherson. Doc. #1 at 5, ¶8. Plaintiff was seen twice that month by APRN McPherson. See id. On May 2, 2019, APRN McPherson prescribed Tramadol for plaintiff's back pain and ordered an MRI with orthopedic consultation. See id. at ¶9. Plaintiff reported that the medication did not relieve his back pain. See id. When the prescription expired, "nothing new was prescribed in place of the tramadol." Id. (sic). Plaintiff met with APRN McPherson on July 19, 2019, to review the MRI results but was not provided an orthopedic consult or a medical mattress. See id. at ¶10. On November 19, 2019, APRN McPherson told plaintiff that he was scheduled for an orthopedic consult in December. See Doc. #1 at 6, ¶11.

6

On January 20, 2020, and February 4, 2020, plaintiff submitted requests to Kristen Shea, the head of the medical department, asking for a medical mattress. See Doc. #1 at 6, ¶¶12-13. Plaintiff alleges that he "is worried that the request that he wrote to ... Shea are being intercepted and discarded." Id. at ¶13 (sic).[4]

### III. DISCUSSION

Plaintiff asserts that LPN Bonetti was deliberately indifferent to his serious medical needs by intercepting and replying to the medical request addressed to Dr. Naqvi. See Doc. #1 at 9. Plaintiff asserts that the remaining defendants, Captain Walsh, Dr. Naqvi, and APRN McPherson were deliberately indifferent to his serious medical needs by failing to provide him pain medication and/or a medical mattress. See id.

    A.    <u>Deliberate Indifference to Serious Medical Needs</u>

The Supreme Court has held that

---

[4] In addition to the back issue, plaintiff also suffers from a hernia. See Doc. #1 at 7, ¶16. When plaintiff met with APRN McPherson in July 2019, she was aware of both conditions but did not discuss with plaintiff how to prioritize them. See id. APRN McPherson told plaintiff that he was scheduled for a hernia repair surgery, which had not yet been performed as of the date plaintiff filed the Complaint, February 27, 2020. See id. The Court does not construe plaintiff's Complaint as asserting claims related to his hernia because the "Statement of Case" and request for injunctive relief relate only to plaintiff's back condition. See Doc. #1 at 9, 11.

7

> deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under §1983.

Estelle v. Gamble, 429 U.S. 97, 104-05 (1976) (citations, quotation marks, and footnotes omitted). "[N]ot every lapse in medical care is a constitutional wrong. Rather, a prison official violates the Eighth Amendment only when two requirements are met." Salahuddin v. Goord, 467 F.3d 263, 279 (2d Cir. 2006) (citation and quotation marks omitted). The first requirement is objective, while the second is subjective. Under the objective prong, "the alleged deprivation of adequate medical care must be sufficiently serious." Id. (citation and quotation marks omitted). The subjective prong requires a showing that the defendant had a "sufficiently culpable state of mind[.]" Morgan v. Dzurenda, 956 F.3d 84, 89 (2d Cir. 2020) (citation and quotation marks omitted). A defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Green v. Shaw, 827 F. App'x 95, 96-97 (2d Cir.

8

2020) (citation and quotation mark omitted).[5]

As to the objective element, plaintiff has sufficiently alleged for purposes of initial review that his back condition and related pain is a serious medical need. See, e.g., Abreu v. Farley, No. 6:11CV06251(EAW), 2019 WL 1230778, at *10 (W.D.N.Y. Mar. 15, 2019) ("[C]ourts have held that severe back pain, especially if lasting an extended period of time, can amount to a serious medical need under the Eighth Amendment." (citation and quotation marks omitted)); accord Stevenson v. Quiros, No. 3:21CV00234(SALM), 2022 WL 168799, at *9 (D. Conn. Jan. 19, 2022) (Allegations that plaintiff "suffered from chronic and severe pain in his back, neck, and shoulders and numbness in his back and legs that interfered with his ability to sleep, stand, and sit for extended periods[,]" were "sufficient to meet the objective component of the Eighth Amendment standard[]" for initial review purposes).

The Court next considers whether plaintiff has alleged

---

[5] "Mere negligence will not support a section 1983 claim; the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law. Thus, not every lapse in prison medical care will rise to the level of a constitutional violation; rather, the conduct must shock the conscience or constitute a barbarous act." Pimentel v. Deboo, 411 F. Supp. 2d 118, 128 (D. Conn. 2006) (citations and quotation marks omitted).

sufficient facts to satisfy the objective component.

    1.   *LPN Bonetti*

The only allegation against defendant Bonetti is that he responded to an inmate request sent to Dr. Naqvi seeking a "special mattress[.]" Doc. #1 at 16; see also id. at 9, ¶20. LPN Bonetti responded to plaintiff's request that "medical does not provide 'special' mattresses. D.O.C. may approve one." Doc. #1 at 16.

Plaintiff alleges that LPN Bonetti should not have responded to the request without examining him or consulting a supervisor. See Doc. #1 at 4, ¶3. Defendant Bonetti's alleged actions, merely reporting the policy regarding mattresses, demonstrate at most, negligence. Negligence is not cognizable under section 1983. See Pimentel, 411 F. Supp. at 128.

Accordingly, the claim against defendant Bonetti for deliberate indifference to serious medical needs is **DISMISSED** pursuant to 28 U.S.C. §1915A(b)(1).

    2.   *Dr. Naqvi*

Plaintiff alleges that Dr. Naqvi treated him but did not address his back issues. See generally Doc. #1 at 5, ¶¶5-6. Plaintiff's exhibits show that Dr. Naqvi treated him in July 2018 for back pain and ordered x-rays, but there was no follow-

10

up. See Doc. #1 at 25. Plaintiff again saw Dr. Naqvi in October 2018 for an issue with his toe. See id. at 22. Plaintiff tried to discuss his back issues at that appointment, to which a nurse responded that plaintiff "was not there for [his] back." Id. When plaintiff raised this information in response to a statement that he had recently been seen by Dr. Naqvi, the reviewer noted that an appointment would be made to address plaintiff's back issues. See id. at 20, 22.

Although plaintiff submitted many requests to the medical unit, there is no indication that Dr. Naqvi was aware of those requests, or that he was responsible for scheduling appointments. Indeed, each of the inmate requests attached to plaintiff's Complaint reflects a responding signature by someone other than Dr. Naqvi. See, e.g., Doc. #1 at 16, 18, 20, 22, 25, 27. Plaintiff fails to allege facts showing that Dr. Naqvi was aware of and disregarded a serious risk of harm. Accordingly, Dr. Naqvi's failure to schedule a follow-up appointment in 2018 and his alleged failure to prescribe a "special mattress" constitute no more than plaintiff's disagreement with Dr. Naqvi's treatment and/or negligence, both of which are inadequate to state a claim for deliberate indifference to serious medical needs. See Pimentel, 411 F. Supp. at 128; Chance

11

v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998) ("So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation."). Accordingly, the deliberate indifference to serious medical needs claim against Dr. Naqvi is **DISMISSED** pursuant to 28 U.S.C. §1915A(b)(1).[6]

       *3.   APRN McPherson*

Plaintiff alleges that defendant McPherson ordered an orthopedic consultation and prescribed pain medication (Tramadol), which provided no relief. See Doc. #1 at 5, ¶¶9-10. It is not clear whether defendant McPherson's failure to take further action to address plaintiff's pain rises to the level of deliberate indifference. The attachments to plaintiff's Complaint note that plaintiff stopped the Tramadol because "the side effects had gotten to be a little too much to bear." Id. at

---

[6] In his "Statement of the Case" plaintiff asserts that Dr. Naqvi was "deliberately indifferent to the plaintiff's serious medical needs[] ... when he failed to prescribe any pain medication[.]" Doc. #1 at 9, ¶21. Plaintiff does not allege any facts in support of this claim. Indeed, a medical record from August 15, 2018, reflects plaintiff's "Active Medications" as including, inter alia, acetaminophen and ibuprofen. See id. at 24; see also Hill v. Curcione, 657 F.3d 116, 123 (2d Cir. 2011) (allegation "that the Motrin medication prescribed ... was insufficient and ... that stronger pain medication was required" insufficient to state claim for deliberate indifference). Accordingly, this aspect of plaintiff's claim of deliberate indifference to serious medical against Dr. Naqvi is also **DISMISSED**.

36. "If[] ... additional or different pain medication was medically necessary, [the] refusal to prescribe any such medication supports an inference of deliberate indifference." Walker v. Cty. of Nassau, No. 15CV04794(JFB)(SIL), 2016 WL 11481725, at *9 (E.D.N.Y. Aug. 8, 2016), report and recommendation adopted, 2016 WL 5338546 (Sept. 22, 2016). Accordingly, at this stage, the Court will permit the claim against APRN McPherson for deliberate indifference to serious medical needs related to the prescription of pain medication to proceed for further development of the record.

Plaintiff also alleges that APRN McPherson was deliberately indifferent to his serious medical needs by failing to order him a medical mattress. See Doc. #1 at 5, ¶10. APRN McPherson's decision to order an orthopedic consult and MRI rather than a medical mattress is a treatment decision. See Doc. #1 at 5, at ¶9. "[I]t is generally understood that the ultimate decision of whether or not to administer a treatment or medication is a medical judgment that, without more, does not amount to deliberate indifference." Laurent v. Edwin, 528 F. Supp. 3d 69, 87 (E.D.N.Y. 2021) (citations and quotation marks omitted); see also Hill, 657 F.3d at 123 ("It has long been the rule that a prisoner does not have the right to choose his medical treatment

13

as long as he receives adequate treatment. ... Accordingly, ... the essential test is one of medical necessity and not one simply of desirability.") (citations and quotation marks omitted)). Plaintiff's disagreement with a treatment decision does not rise to the level of a constitutional violation. See Chance, 143 F.3d at 703; Hill, 657 F.3d at 123. Accordingly, the deliberate indifference to serious medical needs claim related to the denial of a medical mattress against defendant McPherson is **DISMISSED** pursuant to 28 U.S.C. §1915A(b)(1).

    *4. Captain Walsh*

Plaintiff alleges that Captain Walsh refused his request for a "special mattress" or a second mattress to support his back. See Doc. #1 at 4, ¶2.

In his request to Captain Walsh, plaintiff states that his new mattress "does not fit the bunk frame properly, causing the middle of the mattress to collapse. This ... mattress is not a good fit for my 15% impaired lumbar spine. I also have a partial degeneration of the lumbar, and on 2-24-2000 I received a discectomy of the right L5-S1." Doc. #1 at 14 (sic). Although plaintiff alleges that he told Captain Walsh that the new mattress caused him significant lower back pain, that information is not included in the written request to Captain

Walsh. Compare Doc. #1 at 4, ¶2, with id. at 14. It is unclear whether plaintiff informed Captain Walsh verbally about his significant back pain separate from the inmate request form. Accordingly, at this stage, the Court will permit the claim against Captain Walsh for deliberate indifference to serious medical needs related to the denial of a medical mattress to proceed for further development of the record.

      B.    Requests for Declaratory and Injunctive Relief

In addition to damages, plaintiff seeks declaratory and injunctive relief. See Doc. #1 at 11, ¶¶25-27. Plaintiff seeks a declaration that defendants violated his constitutional rights and an injunction directing defendants to provide him adequate pain medication, facilitate appointments with an orthopedic specialist, and provide him a medical style mattress. See id. at ¶¶25-26.

Plaintiff expressly sues defendants "in their individual capacities[.]" Doc. #1 at 1. Plaintiff "cannot obtain prospective injunctive relief from the Defendants sued in their individual capacities as such Defendants would not have the authority to provide such relief in their individual capacities." Kuck v. Danaher, 822 F. Supp. 2d 109, 143 (D. Conn. 2011); see also Patterson v. Lichtenstein, No. 3:18CV02130(MPS),

15

2020 WL 837359, at *2 (D. Conn. Feb. 20, 2020) ("Injunctive relief is not available from defendants in their individual capacities[.]"). Accordingly, plaintiff's requests for injunctive relief against defendants in their individual capacities are **DISMISSED, with prejudice.**

Plaintiff seeks a declaration "that the acts and omissions of the defendants have violated plaintiff's rights[.]" Doc. #1 at 11, ¶25. Plaintiff's request for declaratory relief is unnecessary, because the Court would nevertheless have to determine any violations of his constitutional rights if he were to prevail on his claims. See Kuhns v. Ledger, 202 F. Supp. 3d 433, 443 (S.D.N.Y. 2016) ("Dismissal of a declaratory judgment action is warranted where the declaratory relief plaintiff seeks is duplicative of his other causes of action." (citation and alterations omitted)). Additionally, "[d]eclaratory relief operates prospectively to enable parties to adjudicate claims before either side suffers great damages." Orr v. Waterbury Police Dep't, No. 3:17CV00788(VAB), 2018 WL 780218, at *7 (D. Conn. Feb. 8, 2018). Plaintiff's request for declaratory relief is based on his past treatment by defendants. As it applies to past actions, and is otherwise unnecessary given the asserted

16

claims, plaintiff's request for declaratory relief is **DISMISSED, with prejudice.**

## IV. CONCLUSION AND ORDERS

The Court enters the following orders:

**(1)** This matter my proceed to service of process against APRN McPherson, in her individual capacity, for damages, on the Eighth Amendment deliberate indifference to serious medical needs claim related to the failure to prescribe pain medication to treat plaintiff's back pain; and against Captain Walsh, in his individual capacity, for damages, on the Eighth Amendment deliberate indifference to serious medical needs claim related to the failure to provide a medical mattress.

The Eighth Amendment deliberate indifference to serious medical needs claim against APRN McPherson related to the failure to prescribe a medical mattress is **DISMISSED, without prejudice.**

All claims against defendants Naqvi and Bonetti are **DISMISSED, without prejudice.**

All claims for injunctive or declaratory relief against defendants in their individual capacities are **DISMISSED, with prejudice.**

17

**(2)** The Court grants plaintiff <u>one</u> opportunity to file an amended complaint, correcting the deficiencies identified in this Order. Plaintiff is advised that any amended complaint will completely replace the prior complaint in the action. No portion of the original Complaint (Doc. #1) will be incorporated into the Amended Complaint by reference, or considered by the Court. Any such Amended Complaint must be filed by **February 24, 2022.**

If plaintiff elects to file an Amended Complaint, the Court will then conduct an initial review of the Amended Complaint to determine whether it may proceed to service on any of the claims set forth therein. Plaintiff is cautioned that if the Amended Complaint fails to correct the deficiencies noted in this Order, he may not be permitted an additional opportunity for amendment.

**(3) Plaintiff is not required to file an Amended Complaint. He may elect to proceed on the Eighth Amendment deliberate indifference to serious medical needs claims against APRN McPherson and Captain Walsh described above, without further delay.** If plaintiff elects not to file an Amended Complaint, he need only file a Notice on the docket indicating that he wishes to proceed to service on the claims that have survived this initial review. When the Court receives that Notice, the Clerk

will immediately begin the process of attempting to serve defendants APRN McPherson and Captain Walsh.

**(4)** The clerk shall send courtesy copies of the Complaint and this Order to the DOC Office of Legal Affairs and the Office of the Attorney General.

**(5) If plaintiff changes his address at any time during the litigation of this case, he MUST notify the Court.** Failure to do so may result in the dismissal of the case. Plaintiff must provide notice of a change of address even if he remains incarcerated. He should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. He should also notify the defendants or defense counsel of his new address.

A separate case management and scheduling order will enter when counsel appears for any defendant.

**This Initial Review Order does not preclude the filing of a Motion to Dismiss pursuant to Rule 12.** Defendants are encouraged to carefully evaluate the claims that have been permitted to

proceed to service, and respond by Answer or Motion, as appropriate.

SO ORDERED at New Haven, Connecticut, this 3rd day of February 2022.

_____/s/_____
Hon. Sarah A. L. Merriam
United States District Judge